**Absalom F. JORDAN, Jr., Petitioner,**

v.

**DISTRICT OF COLUMBIA BOARD OF APPEALS AND REVIEW, Respondent.**

**No. 7193.**

District of Columbia Court of Appeals.

Argued Oct. 18, 1973.

Decided Feb. 11, 1974.

---

3. In re Gates, *supra* at 1000 of 478 F.2d.

4. In re Farquhar, 492 F.2d 561 at 564 (D.C. Cir., 1973, Wilkey, J., dissenting).

Absalom F. Jordan, Jr., pro se.

Earl A. Gershenow, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before KERN, NEBEKER and YEAG-LEY, Associate Judges.

NEBEKER, Associate Judge:

Petitioner seeks review of a District of Columbia Board of Appeals and Review

(BAR) decision affirming a denial by the Chief of the Metropolitan Police Department of petitioner's application for a license to carry a concealed weapon.[1] Petitioner makes numerous claims of error in procedure and application of law at both administrative levels. Since he failed to supply relevant information, we sustain the denial of his application, but caution that future application might well be treated under proper regulatory criteria duly adopted.

When petitioner initially applied for a license in 1969, he stated that he was a member of an organization duly authorized to purchase or receive weapons from the United States and that he was a sportsman interested in carrying a concealed weapon for sports purposes and personal protection. The application was denied for the reason that no license is required to transport a weapon for sports purposes "provided it is unloaded and in a secure wrapper", and also because the asserted need for personal protection was not supported by "specific evidence" of "grave danger and that conventional means of protection are inadequate."

Petitioner then wrote to the Chief of Police requesting information concerning the criteria used in reviewing a license application. In 1972, prior to receiving a response, petitioner resubmitted his application but refused to answer certain questions stating, "Not required under D.C.Code 22–3206."[2] However, petitioner did resubmit his original statement of need and intended use and added a handwritten addendum, stating:

> Additionally in December of 1971 threat [sic] were issued against my life. On other occassions [sic] I have received threats on my life.

Petitioner then received a letter from the Chief of Police stating that in addition to the criteria of § 22–3206 and Article 52 of the Police Regulations,[3] ". . . applicant must present substantial evidence of a specific threat to his life that cannot be alleviated by the use of conventional methods." Subsequently, petitioner was advised that his second application had been denied because no additional information had been developed to justify an approval.

Petitioner sought review by the BAR. In that hearing, testimony by the director of the Intelligence Division of the Metropolitan Police Department revealed that a

permit to carry a pistol would be approved only in the most extreme cases where there is substantial evidence of a specific threat to the individual's life, and that conventional methods of de-

1. D.C.Code 1973, § 22–3206, provides:

The superintendent of police of the District of Columbia may, upon the application of any person having a bona fide residence or place of business within the District of Columbia or of any person having a bona fide residence or place of business within the United States and a license to carry a pistol concealed upon his person issued by the lawful authorities of any State or subdivision of the United States, issue a license to such person to carry a pistol within the District of Columbia for not more than one year from date of issue, if it appears that the applicant has good reason to fear injury to his person or property or has any other proper reason for carrying a pistol and that he is a suitable person to be so licensed. The license shall be in duplicate, in form to be prescribed by the Commissioner of the District

of Columbia and shall bear the name, address, description, photograph, and signature of the licensee and the reason given for desiring a license. The original thereof shall be delivered to the licensee, and the duplicate shall be retained by the superintendent of police of the District of Columbia and preserved in his office for six years.

2. Petitioner refused to answer questions concerning (1) type and number of firearm license, registration, or permit presently held; (2) whether petitioner had ever been involved in a firearm mishap; (3) character references; and (4) description of weapon to be carried. These questions are formulated from the information required by Article 52 of the Police Regulations.

3. 1955 Edition—1968 Reprint, Title 35, District of Columbia Rules and Regulations.

fense or protecting himself are inadequate.

The BAR sustained the denial of the license.[4]

Petitioner contends, in part, that the District of Columbia has failed to implement the directives of Congress as reflected in § 22–3206. Specifically, he urges that § 22–3206 provides that licenses are to be issued to individuals when "it appears that the applicant has good reason to fear injury to his person or property or has any other proper reason for carrying a pistol and that he is a suitable person to be so licensed." Petitioner further notes that Article 52 of the Police Regulations, promulgated pursuant to § 22–3206, requires additional information from an applicant before a license may be issued. Accordingly, petitioner argues that by enacting § 22–3206, Congress has preempted the field of gun legislation and therefore the Chief of Police has no authority to adopt what appears to be additional licensing information requirements and criteria.

∎∎ This particular preemption question was decided by the United States Court of Appeals for the District of Columbia Circuit in Maryland & District of Columbia Rifle & Pistol Association, Inc. v. Washington, 142 U.S.App.D.C. 375, 442 F.2d 123 (1971). There the court held that the District of Columbia Council had the authority to promulgate and adopt Articles 50 to 55 of the District of Columbia Police Regulations. The court, recognizing that congressional enactments prevail over conflicting local regulations, stated that Congress had granted to the District "regulatory powers, enabling it to provide for its needs as deemed necessary or desirable." *Id.* at 382, 442 F.2d at 130 (footnote omitted). It was recognized that D.C.Code

1973, § 1–227 was such a grant.[5] The key to preemption, as stated by Judge Robinson, is whether the regulations conflict with the legislative will. In referring to § 22–3206, the court stated:

> We are aware of a brief observation in the legislative history of the 1932 act that it would effect a "comprehensive program of [gun] control," but we cannot accept that as an expression of intent to preempt the entire field. . . . [Maryland & District of Columbia Rifle & Pistol Association, Inc. v. Washington, *supra* at 383, 442 F.2d at 131 (footnote omitted).]

We reject petitioner's contention that handgun licensing must be administered in a statutory straitjacket. Responsibility for licensing persons to carry handguns is awesome and no doubt contemplated to be exercised in only the most exceptional cases respecting persons of the highest degree of judgment. The information required by Article 52 is obviously relevant to the licensing decision and failure to furnish it forms an adequate basis for denial of the license.

∎ Petitioner did, however, contend that the 1972 application was merely an extension of the 1969 application which did in fact contain answers to the various questions. We disagree. The applications were separated by a two-year period and petitioner's change of position respecting willingness to furnish such information could give rise to an inference that his qualifications or status had changed.

∎ No doubt, with his persistence and this holding, petitioner will renew his application and again present the issue respecting what criterion applies respecting danger to the applicant warranting issu-

---

4. The record indicates that there was a hearing before the BAR concerning the denial of the 1969 license application. We do not include nor discuss that proceeding because it is not relevant here.

5. In part, D.C.Code 1973, § 1–227, provides that the District of Columbia Council has the authority "to make . . . all such usual and reasonable police regulations . . . as [it] may deem necessary for the regulation of firearms, projectiles, explosives, or weapons of any kind . . . . .

ance of a license. Article 52, Sec. 5(b), Police Regulations of the District of Columbia, provides, *inter alia*, that no person shall be issued a license to carry a pistol "if the Chief [of Police] after investigation determines that such person is ineligible for such license . . . ." Whatever rule is used to determine eligibility for a license to carry a handgun, it must be adopted, published, and applied according to law,[6] and remain consistent with congressional policy.

We have examined appellant's other contentions and conclude that they do not warrant a different result. The order on review is

Affirmed.

---

6. D.C.Code 1973, §§ 1-1502, 1-1505 to 1-1507. As petitioner observes, these particular regulations, cited in note 2, *supra*, have not been compiled and published as they should have been. However, such failure cannot result in our ordering the blind issuance to petitioner of a license to carry a pistol as he requests. Such action on our part would be irresponsible and contrary to the policy underlying § 22-3206, *supra* note 1.